Filed March 4, 1892.

---

No. 361.

WILSON ET AL. *v.* KAHN ET AL.

PRACTICE.—*Appeal.*—*Assignment of Errors.*— *Waiver of.*—Where counsel for appellant presents in his brief no reason or authority in support of his assignment of errors, he thereby waives the same, notwithstanding the fact that exceptions were properly taken to such alleged errors.

From the Henry Circuit Court.

*M. P. Turner* and *J. M. Brown,* for appellants.

*M. E. Forkner,* for appellees.

ROBINSON, C. J.—The complaint in this action was for money had and received by the appellants at their special instance and request from the sale of property sold under a mortgage executed by Anderson Spencer to the appellees and appellants to secure several debts owing to the appellees and appellants to the use of the appellees, which sum of money appellants failed and refused to pay to the appellees, though requested so to do, but converted said money to their own use. Wherefore, demand for judgment, etc.

The answer was general denial.

The cause was tried by a jury. The verdict was in favor of the appellees. After judgment was rendered on the verdict, appellants filed a motion for a new trial, which was overruled and exception taken.

The only error properly assigned is the alleged error of the court in overruling the motion for a new trial.

The causes assigned in the motion for a new trial are:

That the verdict of the jury was not sustained by sufficient evidence.

That the verdict of the jury was contrary to law.

That the verdict of the jury was contrary to law and evidence.

That the court erred in giving instructions one, two, three, four and five to the jury, which were all the instructions given in the cause.

The evidence is in the record.

The brief of appellants assumes to state certain facts involved in the trial of the cause by which it appears that one Anderson Spencer executed a chattel mortgage to appellants to secure and indemnify them as his sureties upon certain debts therein named; that said mortgage as so executed was delivered to the recorder of Henry county to be entered of record; that before the same was recorded the mortgagor caused said mortgage to be altered and changed by the notary public who had drawn up and ac-

knowledged the same, so as to include Oliver P. M. Hubbard as a surety for said mortgagor on a debt to the appellees; that the mortgage as thus altered and changed, after being recorded, went into the hands of the appellants, and remained in their possession until the mortgaged property was sold by appellants.

This action was commenced by the appellees against the appellants to recover the amount due them on their debt secured by said mortgage arising out of the sale of the mortgaged property, and that, as the mortgage had been altered and changed as aforesaid without appellants' consent, that they were not liable in this action. The appellees claimed that it was the intention of the mortgagor to include in the mortgage when executed the debt to appellees for which said Hubbard was surety, and that said debt was omitted by mistake, and the mortgage was, before recorded, corrected so as to carry out the intention of the mortgagor; that after the mortgage was recorded as thus corrected, appellants received and accepted it with the alteration and change made, and were bound by its provisions to account to the appellees for their share of the proceeds derived from the sale of the mortgaged property; that the intention of the mortgagor was to execute the mortgage as corrected to secure said Hubbard in said debt to appellees, and was correctly recorded, including said debt so secured.

No error is pointed out or discussed in appellants' brief. After setting out in the brief the assignment of errors, the brief proceeds to say: "Believing that the errors of the court below as assigned by the appellants are so manifest as to make the judgment appear clearly wrong and unsupported either by law or the evidence, we refrain from further argument and submit the cause."

This statement does not constitute an argument or present any question in this court. No reasons are assigned why the court erred in overruling the motion for a new

trial, and, although the instructions given were properly excepted to and assigned as a cause for a new trial in the motion, the objections to the instructions are not argued in the appellants' brief or supported by authority, nor is any cause assigned in the motion for a new trial discussed by the appellant. The assignment of error is therefore waived. This question has been so repeatedly settled as to need no citation of authority.

Judgment is affirmed at appellants' costs.

Filed March 4, 1892.